IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Galen Glen Hibben, individually and on behalf of all others similarly situated, § § § § § *Plaintiff,* § § v. § § CDM Federal Programs Corporation, § § § *Defendant.* § | Case No. 4:23-cv-00961 |

# ORDER DENYING MOTION TO FILE
# MOTION FOR APPROVAL SETTLEMENT UNDER SEAL

Defendant CDM Federal Programs Corporation has filed an unopposed motion to file a motion to approve an FLSA settlement under seal. Dkt. 19. As support, Defendant cites a few district court decisions from outside this circuit that purportedly find good cause for allowing similar filings to be sealed. *Id.* at 3. Defendant's position does not comport with the law of this Court.

Consistent with other decisions within the Fifth Circuit,[1] this Court has

---

[1] *See, e.g., Bertrand v. Parish*, 2022 WL 17814243, at *1 (E.D. La. Dec. 1, 2022) (denying motion to seal FLSA settlement); *Calhoun v. Nixon Eng'gn, LLC*, 2022 WL 827648, at *3 (W.D. Tex. Mar. 18, 2022) (signaling that request to file FLSA settlement under seal would be denied but with the option of either withdraw the agreement or proceeding with it anyway by filing it on the public record); *Massey v. Gulfside Casino P'ship*, 2021 WL 6754627, at *2 (S.D. Miss. July 21, 2021) (similar conclusion with similar options); *Rodriguez v. El Polio Regio, Inc.*, 2012 WL 5506130, at *1 (N.D. Tex. Feb. 23, 2012) ("[T]he overwhelming consensus of district courts that

held that the public interest in access to judicial records reflecting FLSA settlements presumptively overrides the private interests in maintaining those documents under seal. *See Tran v. Thai*, 2009 WL 2477653, at *1 (S.D. Tex. Aug. 12, 2009). As explained in *Tran*, federal common law presumes "that judicial records are public documents." *Id.* at *1 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). Given this presumption, "the district court's discretion to seal the record of judicial proceedings is to be exercised charily." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (internal quotation marks omitted).

Because the parties here are seeking court approval of an FLSA settlement, their related filings would become "presumptively public once ... brought to the court." *Tran*, 2009 WL 2477653, at *1 (citing *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992)); *cf. Bradley ex rel. AJW v. Ackal*, 954 F.3d 216, 225 (5th Cir. 2020) ("Once a settlement is filed in district court, it becomes a judicial record. The presumption in favor of the public's common law right of access to court records therefore applies to settlement agreements that are filed and submitted to the district court for approval."). Therefore, absent "extraordinary circumstances," the proposed

---

have considered the issue [ ] hold that an FLSA settlement cannot be sealed absent some showing that overcomes the presumption of public access.") (quoting *Joo v. Kitchen Table, Inc.*, 763 F. Supp. 2d 643, 647 (S.D.N.Y. 2011)).

FLSA settlement agreement "must remain open to the public." *Tran*, 2009 WL 2477653, at *1 (quoting *Brown*, 960 F.2d at 1016, which reversed an order sealing a record prior to trial).

The parties have not articulated any extraordinary reasons for permitting the proposed settlement to be filed under seal. Defendant's insistence on confidentiality as material to the settlement is insufficient. *See Tran*, 2009 WL 2477653, at *1 ("It is immaterial that sealing of the settlement agreement is part of a negotiated settlement between the parties."); *see also, e.g.*, *BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 211-12 (5th Cir. 2019) ("It is the *public* that has the right of access, so private litigants should not be able to contract that away."). Defendant's concern that public disclosure of the settlement would encourage lawsuits also fails to provide an adequate justification for sealing. *Compare* Dkt. 19 at 4, *with Davis v. Cap. One Home Loans, LLC*, 2020 WL 2573493, at *3 (N.D. Tex. May 20, 2020) (rejecting similar contention). And the assertion that Defendant's "industry is extremely competitive," Dkt. 19 at 4, is "more akin to a business's general interest in keeping its legal proceedings private," which does not "overcome the presumption of public access." *Davis*, 2020 WL 2573493, at *3 (quoting *Parrish v. Defender Sec. Co.*, 2013 WL 372940, at *1 (N.D. Tex. Jan. 31, 2013).

Finally, Defendant's attempt to downplay the public interest in access to the settlement terms cannot be squared with this Court's precedents. *See* Dkt.

3

19 at 5 (asserting "the public has no strong or otherwise legitimate interest in knowing the terms of a private contract between private parties"). Quite the contrary, "[t]he presumption of public access to settlements of FLSA actions is particularly strong" because the Supreme Court has recognized the "private-public character" of the rights at issue. *Tran*, 2009 WL 24777653, at *1 (quoting *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945)). "Absent an extraordinary reason, sealing a settlement in an FLSA case from public scrutiny would thwart the public's independent interest in assuring that employee's wages are fair and thus do not endanger the national health and well-being." *Prater v. Com. Equities Mgmt. Co.*, 2008 WL 5140045, at *9 (S.D. Tex. Dec. 8, 2008) (internal quotation marks omitted); *see also, e.g.*, *Rodriguez v. El Pollo Regio, Inc.*, 2012 WL 5506130, at *1 (N.D. Tex. Feb. 23, 2012) (quoting this principle from *Prater*).

On this record, the parties have not demonstrated extraordinary reasons for filing under seal their motion for approval of their FLSA settlement. Their request to seal their motion is therefore **DENIED**.

It is further **ORDERED** that Defendant file—**no later than May 10, 2023**—either: (1) a renewed motion to file under seal that details any additional circumstances believed to justify sealing a request for approval of the settlement (and the settlement agreement itself); or (2) a status report indicating whether the parties will pursue approval of the settlement absent

4

filing it under seal, or whether they will forgo the settlement and proceed with discovery.

Signed on April 26, 2023, at Houston, Texas.

*[signature]*

Yvonne Y. Ho
United States Magistrate Judge